1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Nzhdeh Aghazaryan, State Bar No. 316492
   E-Mail: naghazaryan@hurrellcantrall.com
3  HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
4  Los Angeles, California 90071
   Telephone: (213) 426-2000
5  Facsimile: (213) 426-2020

6  Attorneys for Defendants, COUNTY OF LOS ANGELES, MARA ALEJANDRA
   SIGALOS RIVERA, JEFFERY BERNARD CANCEKO, ARNOLD TSAI,
7  DANIEL JOHNSON, LUZ MINDA WEE, EDITH EZEANI, SABRINA
   REGENSBURG, SAMUEL TOMICH, STEPHANIE ZAMBRANO, ZHAOJUN
8  HUANG, IRENA PETROVICH. LUCIA SANDRA GONZALEZ and MARIA
   LITCHEL CAPIRAL

9

10            **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  CHRYSIE ANAGNOSTOU, as               CASE NO. 2:19-cv-08111-VAP-PLA
    Personal Representative of the Estate of
14  STELLA SUMMERS, and individually,
                                         [Assigned to Hon. Virginia A. Phillips,
15              Plaintiff,               Courtroom " 8A"]

16         v.                            **DEFENDANTS COUNTY OF LOS**
                                         **ANGELES, DANIEL LEE**
17  COUNTY OF LOS ANGELES,               **JOHNSON, MARIA ALEJANDRA**
    ZHAOJUN HUANG, individually;         **SIGALOS-RIVERA, JEFFREY**
18  LUZMINDA WEE, individually;          **BERNARD CANCEKO, ARNOLD**
    MARA ALEJANDRA SIGALOS-              **TSAI, LUZ MINDA WEE,**
19  RIVERA, individually; JEFFREY        **ZHOAJUN HUANG, SAMUEL**
    BERNARD CANCEKO, individually;       **TOMICH, STEPHANIE**
20  DANIEL LEE JOHNSON,                  **ZAMBRANO, LUCIA SANDRA**
    individually; ARNOLD TSAI,           **GONZALEZ, IRENE PETROVICH,**
21  individually; IRENE PETROVICH,       **MARIA LITCHEL CAPIRAL AND**
    individually; MARIA LITCHEL          **EDITH EZEANI'S AMENDED**
22  CAPIRAL, individually; EDITH         **ANSWER TO PLAINTIFF'S**
    EZEANI, individually; SABRINA        **SECOND AMENDED**
23  REGENSBURG, individually;            **COMPLAINT; DEMAND FOR**
    STEPHANIE ZANBRANO,                  **JURY TRIAL**
24  individually; LUCIA SANDRA
    GONZALEZ, individually;
25  SULLIVAN; individually; SAMUEL
    TOMICH, individually; MORRIS,
26  individually; and DOES 1 through 10,
    inclusive,
27
                Defendants.
28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1

2     Defendants COUNTY OF LOS ANGELES ("COLA"), DANIEL LEE

3 JOHNSON, MARIA ALEJANDRA SIGALOS-RIVERA, JEFFREY BERNARD

4 CANCEKO, ARNOLD TSAI, LUZ MINDA WEE (erroneously sued and served as

5 "Luzminda Wee"), ZHOAJUN HUANG, EDITH EZEANI, SAMUEL TOMICH,

6 STEPHANIE ZAMBRANO (erroneously sued and served as "Stephanie

7 Zanbrano"), LUCIA SANDRA GONZALEZ, IRINE PETROVICH, and MARIA

8 LITCHEL CAPIRAL (collectively "Answering Defendants"), for themselves alone

9 and for no other person, firm or corporation, and subject to the Court's Order

10 Granting in Part and Denying in Part Motion to Dismiss, Docket No. 62, including

11 the dismissal of Plaintiff's Fourteenth Amendment denial of medical claims against

12 Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral, and

13 Plaintiff's entire fourth claim for relief based on negligence, answer to Plaintiff's

14 Second Amended Complaint ("SAC") as follows:

15              **PRELIMINARY STATEMENT**

16     1.    In Answer to Paragraph 1, Answering Defendants are without sufficient

17 knowledge or information to form a belief as to the truth of the allegations contained

18 in said Paragraph, and on that basis deny each and every allegation contained

19 therein.

20     2.    In Answer to Paragraph 2, Answering Defendants admit that Plaintiff

21 CHRYSIE ANAGNOSTOU ("Plaintiff") on behalf of Decedent STELLA

22 SUMMERS ("Decedent") is seeking monetary damages as redress for the

23 Decedent's alleged injuries and death, while a patient at LAC-USC, a hospital

24 operated by the County of Los Angeles. Answering Defendants further admit that

25 Plaintiff brings this action under Fourth and Fourteenth Amendment of the United

26 States Constitution and the Civil Rights Act of 1871, as codified at 42 U.S.C. §

27 1983, as well as California state law for injuries and death. Answering Defendants

28 further admit Plaintiff sets forth a claim against the COUNTY OF LOS ANGELES

for alleged failure to establish policies, procedures and training which allegedly resulted in the subject incident.  Answering Defendants further admit Plaintiff's civil action seeks damages against the individually named Defendants for allegedly committing acts under color of state law, and allegedly depriving decedent of rights allegedly secured by the Constitution and laws of the United States (42 U.S.C. § 1983.)  Answering Defendants deny having deprived the Decedent of any rights guaranteed to her by the Fourteenth Amendment.  Answering Defendants are without sufficient knowledge or information with respect to the DOE Defendants, given that the DOE Defendants have not yet been identified, and on that basis also deny each and every allegation against the DOE Defendants contained therein.  The remaining allegations are overbroad, vague, and ambiguous; thus, Defendants are unable to admit or deny the allegations and, on that basis, deny each and every allegation contained within Paragraph 2.

3.     In Answer to Paragraph 3, Answering Defendants admit that Decedent passed away while a patient at LAC-USC.  Answering Defendants deny having deprived Decedent of her constitutional rights and deny being deliberately indifferent to Decedent's medical need(s).  Specifically, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny any claims of denial of medical care under the Fourteenth Amendment against them as the Court dismissed Plaintiff's denial of medical care under the Fourteenth Amendment against them. The remaining allegations are overbroad, vague, and ambiguous; thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each and every allegation Paragraph 3.

**JURISDICTION AND VENUE**

4.     In Answer to Paragraph 4, Answering Defendants admit Plaintiff filed this action under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Eighth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, to redress Decedent's alleged conditions

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

of confinement and subsequent death.  The remaining allegations are vague and ambiguous, particularly Plaintiff's use of the phrase "at the hands of;" thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each and every allegation Paragraph 4.

5.    In Answer to Paragraph 5, Answering Defendants admit Plaintiff filed a claim for damages with the County of Los Angeles on February 27 and 28, 2019, respectively. The remaining allegations are overbroad, vague, and ambiguous; thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each and every allegation Paragraph 5.

6.    In Answer to Paragraph 6, Answering Defendants admit the County of Los Angeles denied Plaintiff's Claim for Damages on March 22, 2019.

7.    In Answer to Paragraph 7, Answering Defendants admit jurisdiction is proper.

8.    In Answer to Paragraph 8, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

9.    In Answer to Paragraph 9, Answering Defendants admit venue is proper.

**PARTIES**

10.    In Answer to Paragraph 10, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

11.    In Answer to Paragraph 11, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

12.     In Answer to Paragraph 12, Answering Defendants deny that Decedent's admission to LAC-USC violated her constitutional rights.  Answering Defendants admit that the Decedent died while a patient at LAC-USC.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations remaining allegations, and on that basis deny the remaining allegations contained in Paragraph 12.

13.     In Answer to Paragraph 13, the COUNTY OF LOS ANGELES admits that it is a governmental entity that acts through individuals to establish its policies and is capable of being sued under federal law.

14.     In Answer to Paragraph 14, the allegations are vague and ambiguous, particularly Plaintiff's use of the phrase "under the jurisdiction of;" thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each and every allegation Paragraph 14.

15.     In Answer to Paragraph 15, Answering Defendants admit Plaintiff sues Defendant ZHAOJUN HUANG in his or her individual capacity.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

16.     In Answer to Paragraph 16, Answering Defendants admit Plaintiff sues Defendant LUZMINDA WEE in his or her individual capacity.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

17.     In Answer to Paragraph 17, Defendant MARA ALEJANDRA SIGALOS-RIVERA admits Plaintiff sues her in her individual capacity, but denies that Plaintiff has established a basis for doing so.  The remaining allegations are overbroad, vague and ambiguous; thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each the remaining allegations

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

contained in Paragraph 17.

18.    In Answer to Paragraph 18, Answering Defendants admit Plaintiff sues Defendant DANIEL LEE JOHNSON in his or her individual capacity.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

19.    In Answer to Paragraph 19, Defendant JEFFREY BERNARD CANCEKO admits Plaintiff sues him in his individual capacity, but denies that Plaintiff has established a basis for doing so.   The remaining allegations are overbroad, vague and ambiguous; thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each the remaining allegations contained in Paragraph 19.

20.    In Answer to Paragraph 20, Defendant ARNOLD TSAI admits Plaintiff is suing him in his individual capacity, but denies that Plaintiff has established a basis for doing so.  The remaining allegations are overbroad, vague and ambiguous; thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each the remaining allegations contained in Paragraph 20.

21.    In Answer to Paragraph 21, Answering Defendants admit Plaintiff sues Defendant IRENA PETROVICH in his or her individual capacity.   Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

22.    In Answer to Paragraph 22, Answering Defendants admit Plaintiff sues Defendant EDITH EZEANI in his or her individual capacity.   Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

23.     In Answer to Paragraph 23, Answering Defendants admit Plaintiff sues Defendant MARIA LITCHEL CAPIRAL in his or her individual capacity, but deny that Plaintiff has established a basis for doing so.   Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

24.     In Answer to Paragraph 24, Answering Defendants admit Plaintiff sues Defendant SABRINA REGENSBURG in his or her individual capacity.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

25.     In Answer to Paragraph 25, Answering Defendants admit Plaintiff sues Defendant STEPHANIE ZAMBRANO, erroneously named and served as "STEPHANI ZANBRANO," in his or her individual capacity.   Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

26.     In Answer to Paragraph 26, Answering Defendants admit Plaintiff sues Defendant LUCIA SANDRA GONZALEZ in his or her individual capacity. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

27.     In Answer to Paragraph 27, Answering Defendants admit Plaintiff sues Defendant SULLIVAN in his or her individual capacity.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

/ / /

28.     In Answer to Paragraph 28, Answering Defendants admit Plaintiff sues Defendant SAMUEL TOMICH in his or her individual capacity, but deny that Plaintiff has established a basis for doing so.   Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

29.     In Answer to Paragraph 29, Answering Defendants admit Plaintiff sues Defendant MORRIS in his or her individual capacity.   Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

30.     In Answer to Paragraph 30, Answering Defendants deny depriving Decedent of her constitutional right.   The remaining allegations are vague and ambiguous, particularly Plaintiff's use of the phrase "defendants," without reference to *which* individual defendant(s) are alleged to have acted under state law and/or "in the performance of their official duties […]."   Thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each and every allegation Paragraph 30.

31.     In Answer to Paragraph 31, Answering Defendants admit Plaintiff sues DOES 1 through 10 in their individual and official capacities.   Answering Defendants are without sufficient knowledge or information with respect to the DOE Defendants, given that the DOE Defendants have not yet been identified, and on that basis also deny each and every allegation against the DOE Defendants contained therein.

32.     In Answer to Paragraph 32, the allegations are vague and ambiguous, particularly Plaintiff's use of the phrase "defendants," without reference to *which* individual defendant(s) are alleged to have acted as agent(s) for others and/or "had a legal duty to oversee and supervise […]."   Thus, Answering Defendants are unable

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

to admit or deny the allegations and, on that basis, deny each and every allegation Paragraph 32.

## FACTUAL ALLEGATIONS

33.    In Answer to Paragraph 33, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

34.    In Answer to Paragraph 34, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

35.    In Answer to Paragraph 35, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

36.    In Answer to Paragraph 36, Answering Defendants admit Decedent was a patient at LAC-USC in September 2018.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

37.    In Answer to Paragraph 37, the allegations are vague, ambiguous, and overbroad, particularly Plaintiff's use of the phrase "cocktail of psychiatric and non-psychiatric medication;" thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each and every allegation Paragraph 37.

38.    In Answer to Paragraph 38, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

39.    In Answer to Paragraph 39, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

40.    In Answer to Paragraph 40, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

41.    In Answer to Paragraph 41, Answering Defendants admit that Decedent was not discharged on September 25, 2018.  The remaining allegations are vague and ambiguous, particularly Plaintiff's use of the phrase "as planned;" thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each and every allegation Paragraph 41.

42.    In Answer to Paragraph 42, Answering Defendants admit the statutory provisions cited set forth restrictions on the use of behavioral restraints; but Answering Defendants deny having violated such provisions.

43.    In Answer to Paragraph 43, Answering Defendants admit the statutory provision cited defines "Chemical Restraint;" but Answering Defendants deny having violated such provisions.

44.    In Answer to Paragraph 44, Answering Defendants admit that Decedent continued to exhibit uncooperative behavior.   The remaining allegations are overbroad, vague, and ambiguous; thus, Answering Defendants are unable to admit or deny the allegations and, on that basis, deny each and every allegation Paragraph 44.

45.    In Answer to Paragraph 45, Answering Defendants admit Decedent was agitated and verbally threatening to staff.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

allegation contained therein.

46.     In Answer to Paragraph 46, Answering Defendants admit that Decedent was not discharged on September 26, 2018.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny the remainder of the allegations contained therein.

47.     In Answer to Paragraph 47, Answering Defendants admit Decedent was agitated and unable to follow commands.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

48.     In Answer to Paragraph 48, Answering Defendants admit Decedent was agitated and unable to follow commands.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

49.     In Answer to Paragraph 49, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

50.     In Answer to Paragraph 50, Answering Defendants admit Decedent was verbally aggressive.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

51.     In Answer to Paragraph 51, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

52.     In Answer to Paragraph 52, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

53.     In Answer to Paragraph 53, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

54.     In Answer to Paragraph 54, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

55.     In Answer to Paragraph 55, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

56.     In Answer to Paragraph 56, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

57.     In Answer to Paragraph 57, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

58.     In Answer to Paragraph 58, admit Decedent was agitated.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

59.    In Answer to Paragraph 59, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

60.    In Answer to Paragraph 60, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

61.    In Answer to Paragraph 61, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

62.    In Answer to Paragraph 62, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

63.    In Answer to Paragraph 63, Answering Defendants admit the Decedent was not cooperative and was aggressive.   Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

64.    In Answer to Paragraph 64, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

65.    In Answer to Paragraph 65, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny the remainder of the allegations

contained therein.

66.   In Answer to Paragraph 66, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

67.   In Answer to Paragraph 67, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.  Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny allegations these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim.  *See* Docket Entry No. 68.

68.   In Answer to Paragraph 68, Answering Defendants deny retaliating against Decedent in the manner described in this Paragraph.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

69.   In Answer to Paragraph 69, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

70.   In Answer to Paragraph 70, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

71.   In Answer to Paragraph 71, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1   contained therein.

2   72.   In Answer to Paragraph 72, Answering Defendants are without
3   sufficient knowledge or information to form a belief as to the truth of the allegations
4   contained in said Paragraph, and on that basis deny each and every allegation
5   contained therein.

6   73.   In Answer to Paragraph 73, Answering Defendants are without
7   sufficient knowledge or information to form a belief as to the truth of the allegations
8   contained in said Paragraph, and on that basis deny each and every allegation
9   contained therein.

10   74.   In Answer to Paragraph 74, Answering Defendants are without
11   sufficient knowledge or information to form a belief as to the truth of the allegations
12   contained in said Paragraph, and on that basis deny each and every allegation
13   contained therein.

14   75.   In Answer to Paragraph 75, Answering Defendants deny having
15   ignored Decedent's "obvious shortness of breath complaints."   Answering
16   Defendants are without sufficient knowledge or information to form a belief as to
17   the truth of the remaining allegations in said Paragraph, and on that basis deny the
18   remaining allegations contained therein.

19   76.   In Answer to Paragraph 76, Answering Defendants are without
20   sufficient knowledge or information to form a belief as to the truth of the allegations
21   contained in said Paragraph, and on that basis deny each and every allegation
22   contained therein.

23   77.   In Answer to Paragraph 77, Answering Defendants are without
24   sufficient knowledge or information to form a belief as to the truth of the allegations
25   contained in said Paragraph, and on that basis deny each and every allegation
26   contained therein.

27   78.   In Answer to Paragraph 78, Answering Defendants are without
28   sufficient knowledge or information to form a belief as to the truth of the allegations

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

contained in said Paragraph, and on that basis deny each and every allegation contained therein.

79.   In Answer to Paragraph 79, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

80.   In Answer to Paragraph 80, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

81.   In Answer to Paragraph 81, Answering Defendants admit Decedent was pronounced dead on October 4th.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

82.   In Answer to Paragraph 82, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

83.   In Answer to Paragraph 73, Answering Defendants admit that an autopsy revealed Decedent's cause of death was pulmonary emboli.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

84.   In Answer to Paragraph 84, Answering Defendants admit Decedent was nineteen years of age when she passed away.

///

///

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

**FIRST CLAIM FOR RELIEF**
**Deliberate Indifference to a Substantial Risk of Harm to Health**
**(42 U.S.C. § 1983, 14th Amendment of the U.S. Constitution)**
**(Against all Defendants and DOES 1-10)**

85.     In Answer to Paragraph 85, Answering Defendants acknowledge Plaintiff is repeating and re-alleging her prior allegations and Answering Defendants Answer said allegations to the extent previously answered.  Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim.  *See* Docket Entry No. 68.

86.     In Answer to Paragraph 86, Answering Defendants deny each and every allegation contained therein.  Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim.  *See* Docket Entry No. 68.

87.     In Answer to Paragraph 87, Answering Defendants deny each and every allegation contained therein. Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim.  *See* Docket Entry No. 68.

88.     In Answer to Paragraph 88, Answering Defendants deny each and every allegation contained therein. Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim.  *See* Docket Entry No. 68.

89.     In Answer to Paragraph 89, Answering Defendants deny each and every allegation contained therein. Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial

-17-

of medical care claim. *See* Docket Entry No. 68.

90.    In Answer to Paragraph 90, Answering Defendants deny each and every allegation contained therein. Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim. *See* Docket Entry No. 68.

91.    In Answer to Paragraph 91, Answering Defendants deny each and every allegation contained therein. Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim. *See* Docket Entry No. 68.

92.    In Answer to Paragraph 92, Answering Defendants deny each and every allegation contained therein. Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim. *See* Docket Entry No. 68.

93.    In Answer to Paragraph 93, Answering Defendants deny each and every allegation contained therein.  Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim. *See* Docket Entry No. 68.

**SECOND CLAIM FOR RELIEF**
**Unreasonable Seizure – 4th Amendment**
**Violation – 42 U.S.C. § 1983**
**(Against all Defendants)**

94.    In Answer to Paragraph 94, Answering Defendants acknowledge Plaintiff is repeating and re-alleging her prior allegations and Answering Defendants Answer said allegations to the extent previously answered.

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

95.   In Answer to Paragraph 95, Answering Defendants admit that the Fourth Amendment prescribes the right to be free from unreasonable seizure by the government, including the right to be free from unlawful and unreasonable detention.  Answering Defendants deny the remaining allegations.

96.   In Answer to Paragraph 96, Answering Defendants deny each and every allegation contained therein.

97.   In Answer to Paragraph 97, Answering Defendants deny each and every allegation contained therein.

### THIRD CLAIM FOR RELIEF
### Battery (State)
### (Against all Defendants)

98.   In Answer to Paragraph 98, Answering Defendants acknowledge Plaintiff is repeating and re-alleging her prior allegations and Answering Defendants Answer said allegations to the extent previously answered.

99.   In Answer to Paragraph 99, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

100.   In Answer to Paragraph 100, Answering Defendants deny each and every allegation contained therein.

101.   In Answer to Paragraph 101, Answering Defendants deny each and every allegation contained therein.

102.   In Answer to Paragraph 102, Answering Defendants deny each and every allegation contained therein.

103.   In Answer to Paragraph 103, Answering Defendants deny each and every allegation contained therein.

### FOURTH CLAIM FOR RELIEF
### Negligence (State)
### (Against all Defendants and DOES 1-10)

104.   In Answer to Paragraph 104, Answering Defendants acknowledge

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

Plaintiff is repeating and re-alleging her prior allegations and Answering Defendants Answer said allegations to the extent previously answered.

105.   In Answer to Paragraph 105, Answering Defendants deny each and every allegation contained therein as the Court dismissed Plaintiff's Fourth Claim for Relief in its entirety.

106.   In Answer to Paragraph 106, Answering Defendants deny each and every allegation contained therein as the Court dismissed Plaintiff's Fourth Claim for Relief in its entirety.

107.   In Answer to Paragraph 107, Answering Defendants deny each and every allegation contained therein as the Court dismissed Plaintiff's Fourth Claim for Relief in its entirety.

108.   In Answer to Paragraph 108, Answering Defendants deny each and every allegation contained therein as the Court dismissed Plaintiff's Fourth Claim for Relief in its entirety.

**FIFTH CLAIM FOR RELIEF**
**Medical Negligence (State)**
**(Against all Defendants and DOES 1-10)**

109.   In Answer to Paragraph 109, Answering Defendants acknowledge Plaintiff is repeating and re-alleging her prior allegations and Answering Defendants Answer said allegations to the extent previously answered.

110.   In Answer to Paragraph 110, Answering Defendants admit that Plaintiff's summation of *Government Code* § 815.2 is accurate, without admitting to its specific application in the present case.

111.   In Answer to Paragraph 111, the allegations are overbroad, vague, and ambiguous; thus, Defendants are unable to admit or deny the allegations and, on that basis, deny each and every allegation Paragraph 111.

112.   In Answer to Paragraph 112, Answering Defendants deny each and every allegation contained therein.

113.   In Answer to Paragraph 113, Answering Defendants deny each and

1  every allegation contained therein.

2  **SIXTH CLAIM FOR RELIEF**
3  **False Imprisonment (State)**
   **(Against all Defendants)**

4  114.  In Answer to Paragraph 114, Answering Defendants acknowledge
5  Plaintiff is repeating and re-alleging her prior allegations and Answering Defendants
6  Answer said allegations to the extent previously answered.

7  115.  In Answer to Paragraph 115, Answering Defendants deny each and
8  every allegation contained therein.

9  116.  In Answer to Paragraph 116, Answering Defendants deny each and
10  every allegation contained therein.

11  117.  In Answer to Paragraph 117, Answering Defendants deny each and
12  every allegation contained therein.

13  118.  In Answer to Paragraph 118, Answering Defendants deny each and
14  every allegation contained therein.

15  119.  In Answer to Paragraph 119, Answering Defendants deny each and
16  every allegation contained therein.

17  **SEVENTH CLAIM FOR RELIEF**
   **Failure to Train (42 U.S.C. § 1983)**
18  **(Against Defendant COUNTY)**

19  120.  In Answer to Paragraph 120, Answering Defendants acknowledge
20  Plaintiff is repeating and re-alleging her prior allegations and Answering Defendants
21  Answer said allegations to the extent previously answered.

22  121.  In Answer to Paragraph 121, Answering Defendants deny each and
23  every allegation contained therein.

24  122.  In Answer to Paragraph 122, Answering Defendants deny each and
25  every allegation contained therein.

26  123.  In Answer to Paragraph 123, Answering Defendants deny each and
27  every allegation contained therein.

28  124.  In Answer to Paragraph 124, Answering Defendants deny each and

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1 every allegation contained therein.

2 125. In Answer to Paragraph 125, Answering Defendants deny each and

3 every allegation contained therein.

**EIGHTH CLAIM FOR RELIEF**
**Substantive Due Process Violation**
**(14th Amendment – 42 U.S.C. § 1983)**
**(Against all Defendants)**

7 126. In Answer to Paragraph 126, Answering Defendants acknowledge

8 Plaintiff is repeating and re-alleging her prior allegations and Answering Defendants

9 Answer said allegations to the extent previously answered.

10 127. In Answer to Paragraph 127, Answering Defendants admit that the Due

11 Process Clause of the Fourteenth Amendment, as a general matter, prescribes the

12 right to be free from state actions that deprive persons of life, liberty, and property.

13 Answering Defendants deny the remaining allegations. Further, Answering

14 Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these

15 allegations on the basis that the Court previously dismissed them from Plaintiff's

16 Fourteenth Amendment denial of medical care claim. *See* Docket Entry No. 68.

17 128. In Answer to Paragraph 128, Answering Defendants admit that the Due

18 Process Clause of the Fourteenth Amendment, as a general matter, prescribes the

19 right to be free from state actions that deprive persons of life, liberty, and property.

20 Answering Defendants deny the remaining allegations. Further, Answering

21 Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these

22 allegations on the basis that the Court previously dismissed them from Plaintiff's

23 Fourteenth Amendment denial of medical care claim. *See* Docket Entry No. 68.

24 129. In Answer to Paragraph 129, Answering Defendants deny each and

25 every allegation contained therein. Further, Answering Defendants Tomich,

26 Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that

27 the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial

28 of medical care claim. *See* Docket Entry No. 68.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-22-

130.   In Answer to Paragraph 130, Answering Defendants deny each and every allegation contained therein.  Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim.  *See* Docket Entry No. 68.

131.   In Answer to Paragraph 131, Answering Defendants deny each and every allegation contained therein.  Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim.  *See* Docket Entry No. 68.

132.   In Answer to Paragraph 132, Answering Defendants deny each and every allegation contained therein.  Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim.  *See* Docket Entry No. 68.

133.   In Answer to Paragraph 133, Answering Defendants admit Plaintiff brings her Eighth Claim for Relief individually and as successor-in-interest to Decedent, and seeks both survival damages and wrongful death damages and attorneys' fees.  Answering Defendants deny that Plaintiff is entitled to any such relief.  Further, Answering Defendants Tomich, Zambrano, Gonzalez, Petrovich and Capiral deny these allegations on the basis that the Court previously dismissed them from Plaintiff's Fourteenth Amendment denial of medical care claim.  *See* Docket Entry No. 68.

## AFFIRMATIVE DEFENSES

As for their separate affirmative defenses, Answering Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

1.   Answering Defendants allege that Plaintiff failed to comply with the

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-23-

Government Tort Claims Act, including but not limited to California *Government Code* §§ 911.2, 945.4, 945.6, 950.2, and 950.6.

### SECOND AFFIRMATIVE DEFENSE

2.      Answering Defendants allege that the claims for relief alleged against them in the First Amended Complaint (hereafter "FAC") are barred by the applicable statute of limitations, including, but not limited to California *Code of Civil Procedure*, §§ 335.1, 338, 340.5, 342, 343, and 583.210 as well as *Government Code* §945.6.

### THIRD AFFIRMATIVE DEFENSE

3.      Answering Defendants allege that the FAC, and each purported claim for relief therein, fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

4.      Answering Defendants allege that the FAC and the causes of action contained therein are barred on the ground that Answering Defendants were not the cause in fact of any alleged damage, injury, or loss sustained by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

5.      Answering Defendants allege that the FAC and the claims for relief contained therein are barred on the ground that Answering Defendants were not a substantial factor in bringing about Plaintiff's alleged damages and thus were not a contributing or proximate cause thereof.

### SIXTH AFFIRMATIVE DEFENSE

6.      Answering Defendants allege that Plaintiff's damages, if any, resulted entirely from the intentional, reckless, or negligent acts of third parties including, but not limited to, the actions of Plaintiff and/or decedent. Thus, any liability of Answering Defendants and responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Answering Defendants should be reduced accordingly.

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1

## SEVENTH AFFIRMATIVE DEFENSE

2      7.     Answering Defendants allege that any injuries or damages were the

3 proximate result of an unavoidable incident or condition and thusly constitute an act

4 of God.  Therefore, Answering Defendants have no liability.

5

## EIGHTH AFFIRMATIVE DEFENSE

6      8.     Answering Defendants allege that any injury alleged in the FAC was

7 directly or proximately caused and contributed to by the actions of other persons

8 including but not limited to the act or omission of Plaintiff and/or Decedent.

9 Therefore, Plaintiff's recovery against Answering Defendants, if any, should be

10 reduced in proportion to the percentage of responsibility attributable to persons or

11 entities other than Answering Defendants, including Plaintiff and/or Decedent.

12

## NINTH AFFIRMATIVE DEFENSE

13      9.     Answering Defendants allege that the causes of action contained in the

14 FAC are barred because the alleged losses sustained by Plaintiff were either wholly

15 or in part negligently caused by persons, firms, corporations, or entities other than

16 Answering Defendants, and said negligence comparatively reduces the percentage

17 of negligence, if any, by Answering Defendants.

18

## TENTH AFFIRMATIVE DEFENSE

19      10.    Answering Defendants allege that any recovery by Plaintiff pursuant to

20 the FAC, and the purported claims for relief contained therein, are governed,

21 controlled, and limited by the provisions of California *Civil Code* § 1430, et seq.,

22 including but not limited to §§ 1431 and 1432.

23

## ELEVENTH AFFIRMATIVE DEFENSE

24      11.    As a separate and distinct affirmative defense, Plaintiff's action is

25 barred and/or limited pursuant to the Medical Injury Compensation Reform Act,

26 including that the collateral source rule is abolished and any collateral source

27 payments are to be deducted from any recovery pursuant to *Civil Code* § 3333.1.

28 / / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## TWELFTH AFFIRMATIVE DEFENSE

12.   As a separate and distinct affirmative defense, Plaintiff's action is limited pursuant to the Medical Injury Compensation Reform Act, including that noneconomic damages are limited to $250,000 pursuant to Civil Code § 3333.2.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.   As a separate and distinct affirmative defense, Plaintiff's action is limited pursuant to the Medical Injury Compensation Reform Act, including that attorney's fees are limited pursuant to *Business & Professions* Code § 6146.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.   As a separate and distinct affirmative defense, Plaintiff's action is barred under *Code of Civil Procedure* § 364.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.   Answering Defendants allege that Plaintiff's claims are barred pursuant to the doctrine of consent.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.   Answering Defendants allege that the claims for relief contained in the FAC are barred by reason of the fact that Plaintiff and/or Decedent voluntarily or knowingly entered into and engaged in the conduct alleged in the FAC and voluntarily and knowingly assumed all risks incidental to said conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   Answering Defendants allege that Plaintiff's FAC and each claim for relief contained therein is barred pursuant to the equitable doctrines of unclean hands, waiver, estoppel, and laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   Answering Defendants allege that the FAC is barred, in whole or in part, because Plaintiff lacks standing.

/ / /

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Answering Defendants allege other parties are liable for the alleged negligent hiring and supervision of their employees, general contractors, professionals, and other subcontractors, which were negligent and actually caused all or some of the damages suffered by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Answering Defendants allege that recovery for losses, if any, is limited in part or in whole by the terms of any preexisting indemnity agreement between Answering Defendants and any other public entity pursuant to California *Government Code* § 895.4

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Answering Defendants allege that they are immune from liability as they are protected by sovereign immunity and the Eleventh Amendment to the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Answering Defendants allege that they are shielded from liability for civil damages insofar as their conduct did not violate any statutory or constitutional right of which a reasonable person would have known.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    As a separate and distinct affirmative defense, plaintiff's claims against the individual defendants are barred as the individual defendants have qualified immunity from the allegations set forth in plaintiff's Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Answering Defendants allege that they are not liable for an injury whether such injury arises out of an act or omission of the public entity or a public employee or any other person pursuant to California *Government Code* §§ 815 and 820.

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Answering Defendants allege the FAC, and each claim for relief contained therein, is barred as Answering Defendants are entitled to statutory immunities under Government Code §§ 840, *et seq.*

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Answering Defendants allege that they are not liable for the act or omission of a public employee if that employee is immune from liability and is only liable pursuant to statute by operation of California *Government Code* § 815.2(b).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Answering Defendants allege that they are not liable for injuries to the extent that such injuries resulted from an act or omission of an independent contractor, pursuant to statute by operation of California *Government Code* § 815.4.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Answering Defendants allege that pursuant to California *Government Code* §§ 815.2 and 815.6, they are not liable for any injuries caused by the breach of any mandatory duty, as such duties were exercised with reasonable diligence.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Answering Defendants allege that they are not liable for acts made in good faith and under the apparent authority of an enactment that is unconstitutional, invalid, or inapplicable, and further not liable pursuant to California *Government Code* § 820.6.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Answering Defendants alleges that they are not liable pursuant to statute by operation of California *Government Code* §§ 818.8 and 822.2 for negligent or intentional misrepresentation.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Answering Defendants allege that pursuant to California *Government Code* §§ 815(b), 815.4, and 820.2, a public entity and its employees, officers, and

1  agents are not responsible for injury and damages resulting from the act or omission

2  that was a result of an exercise of discretion vested in such officer, employee or

3  agent.

4  <u>**THIRTY-SECOND AFFIRMATIVE DEFENSE**</u>

5  32.    Answering Defendants allege that they are not liable pursuant to statute

6  by operation of California *Government Code* §§ 815.2(b), 815.4 and 820.4 for the

7  execution or enforcement of the law by public officers or employees exercising due

8  care.

9  <u>**THIRTY-THIRD AFFIRMATIVE DEFENSE**</u>

10  33.    Answering Defendants allege that they are not liable for the negligent

11  act or omission of a third party, pursuant to statute by operation of California

12  *Government Code*  §§ 820.8, 815.2(b), and 815.4.

13  <u>**THIRTY-FOURTH AFFIRMATIVE DEFENSE**</u>

14  34.    Answering Defendants alleges that they are not liable for any injuries

15  alleged in the FAC pursuant to statute by operation of California Government Code

16  § 815.3.

17  <u>**THIRTY-FIFTH AFFIRMATIVE DEFENSE**</u>

18  35.    As a separate and distinct affirmative defense, defendants alleges that

19  their acts or omissions were discretionary, requiring personal deliberation, decision

20  and judgment which were done honestly, reasonably and in good faith, and by virtue

21  of which they are immune from liability under title 42 U.S.C. § 1983.

22

23  <u>**THIRTY-SIXTH AFFIRMATIVE DEFENSE**</u>

24  36.    Answering Defendants allege that they are subject to any immunity

25  provided by statute and afforded to a private person pursuant to California

26  *Government Code*  §§ 815 and 820.

27  / / /

28  / / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.   Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Code of Civil Procedure* § 262.1.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.   Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Government Code* § 69922(a).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.   Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Penal Code* § 4015(a).

## FORTIETH AFFIRMATIVE DEFENSE

40.   Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Government Code* § 844.6.

## FORTY-FIRST AFFIRMATIVE DEFENSE

41.   Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Government Code* § 845.2.

## FORTY-SECOND AFFIRMATIVE DEFENSE

42.   Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Government Code* § 845.6.

## FORTY-THIRD AFFIRMATIVE DEFENSE

43.   Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Government Code* § 854, *et seq.*

## FORTY-FOURTH AFFIRMATIVE DEFENSE

44.   Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Government Code* § 854.8.

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45.     Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Government Code* § 855.6.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46.     Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Government Code* § 855.8.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.     Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California *Government Code* § 856.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.     Answering Defendants allege that they are immune from the claims for relief in Plaintiff's FAC due the application of California Government Code § 856.4.

### FORTY-NINTH AFFIRMATIVE DEFENSE

49.     Answering Defendants assert that any alleged damages of Plaintiff are inflated in that the nature and extent of injuries and damages purportedly suffered by Plaintiff as a result of the events described in his FAC are excessive, unreasonable, and unnecessary.

### FIFTIETH AFFIRMATIVE DEFENSE

50.     As a separate and distinct affirmative defense, Answering Defendants submit they are immune to Plaintiff's claims under *Government Code* §§ 815, 815.2, 821, 821.6, 822.2, 8655-8660; *Health and Safety Code* § 1799.107; and *Business and Professions Code* § 2727.5.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

51.     As a separate and distinct affirmative defense, the FAC fails to state sufficient facts to entitle Plaintiff to claim punitive or exemplary damages from Answering Defendants as a matter of law.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

52.     Answering Defendants allege that Plaintiff failed to exercise reasonable

care and diligence to mitigate the damages allegedly sustained.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

53.     Answering Defendants allege that they are entitled to an offset and/or reduction as to any amounts paid in compensation for Plaintiff's alleged damages by way of contribution, settlement, or judgment of any claims, incident, or lawsuit.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

54.     Answering Defendants allege that in the event that they prevail at trial, or by way of dispositive motion, they will be entitled to recovery of reasonable attorneys' fees and costs pursuant to California *Code of Civil Procedure* § 1038 and Title 42 U.S.C. § 1988.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

55.     Answering Defendants allege they are immune from Plaintiff's causes of action under *Welfare & Institutions Code* §§ 5150, and 5278.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

56.     Answering Defendants allege they are immune from Plaintiff's claims for relief due to Decedent's refusal of treatment.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

57.     Answering Defendants allege Plaintiff's complaint is flawed for failure to join a required party under *Federal Rule Civil Procedure* 19.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

58.     Answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Answering Defendants reserve herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

/ / /

/ / /

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

WHEREFORE, Answering Defendants pray that:

A.   Plaintiff takes nothing by reason of her SAC;

B.   Plaintiff's SAC be dismissed with prejudice;

C.   Answering Defendants recover their costs of suit; and

D.   Answering Defendants be awarded such further relief as the Court deems just and proper.

DATED: September 10, 2020        HURRELL CANTRALL LLP


By:  */S/ - Nzhdeh Aghazaryan*
     THOMAS C. HURRELL
     ERIN K. HOAR
     NZHDEH AGHAZARYAN
     Attorneys for Defendants, COUNTY OF
     LOS ANGELES, MARA ALEJANDRA
     SIGALOS RIVERA, JEFFERY
     BERNARD CANCEKO, ARNOLD TSAI,
     DANIEL JOHNSON, LUZ MINDA WEE,
     EDITH EZEANI, SABRINA
     REGENSBURG, SAMUEL TOMICH,
     STEPHANIE ZAMBRANO, ZHAOJUN
     HUANG, IRENA PETROVICH. LUCIA
     SANDRA GONZALEZ and MARIA
     LITCHEL CAPIRAL

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## DEMAND FOR JURY TRIAL

Defendants COUNTY OF LOS ANGELES ("COLA"), MARIA ALEJANDRA SIGALOS-RIVERA, JEFFREY BERNARD CANCEKO, ARNOLD TSAI, ZHOAJUN HUANG, EDITH EZEANI, SAMUEL TOMICH, STEPHANIE ZAMBRANO, LUCIA SANDRA GONZALEZ, IRINE PETROVICH, and MARIA LITCHEL CAPIRAL ("Answering Defendants") hereby respectfully demand a trial by jury in the above-entitled action.  This demand is as to all claims, matters, and issues to which Answering Defendants may legally be entitled to demand a jury.


DATED: September 10, 2020          HURRELL CANTRALL LLP



By:  */S/ - Nzhdeh Aghazaryan*
        THOMAS C. HURRELL
        ERIN K. HOAR
        NZHDEH AGHAZARYAN
        Attorneys for Defendants, COUNTY OF
        LOS ANGELES, MARA ALEJANDRA
        SIGALOS RIVERA, JEFFERY
        BERNARD CANCEKO, ARNOLD TSAI,
        DANIEL JOHNSON, LUZ MINDA WEE,
        EDITH EZEANI, SABRINA
        REGENSBURG, SAMUEL TOMICH,
        STEPHANIE ZAMBRANO, ZHAOJUN
        HUANG, IRENA PETROVICH. LUCIA
        SANDRA GONZALEZ and MARIA
        LITCHEL CAPIRAL